In the Matter of the Application of ELICK LOWITZ and Others, Individually and as Copartners Doing Business under the Firm Name and Style of E. LOWITZ & Co., for Revision of Tax Assessed under Article 16-A of the Tax Law for the Taxable Year 1935, Petitioners, to Review a Determination of MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

In the Matter of the Application of ELICK LOWITZ and Others, Individually and as Copartners Doing Business under the Firm Name and Style of E. LOWITZ & Co., for Revision of Tax Assessed under Article 16-A of the Tax Law for the Taxable Year 1936, Petitioners, to Review a Determination of MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, April 30, 1941.

*Fredericks & Kahr* [*Leonard I. Silberman* and *Arthur Kahr* of counsel], for the petitioners.

*John J. Bennett, Jr.*, Attorney-General [*John C. Crary, Jr.*, and *Wendell P. Brown*, Assistant Attorneys-General of counsel], for the respondents.

BLISS, J.   The question presented is whether in the tax years of 1935 and 1936 this partnership was entitled to exemption from the unincorporated business tax on that part of its net income which was derived from participation in a joint venture solely because the latter was liable to and had paid a tax under article 16-A of the Tax Law on its own net income.   Petitioner is a partnership and a member of the New York Stock Exchange. It entered upon a joint venture with one B. L. Mensch for the purpose of dealing as specialists in particular stocks.   The agreement provided that all profits should be withdrawn and all expenses shared equally.   The unincorporated business tax under article 16-A of the Tax Law was paid for the tax years 1935 and 1936 without question on the amount of profit made by the joint venture as a separate entity.   Petitioner received its share of the profits from a joint venture as income and now contends that it may not be required to pay the tax on this portion of its own net income.

For the years in question article 16-A of the Tax Law imposed a tax upon the " entire net income " of a partnership.   Section 386-d of this article defined gross income as including profits and income derived by the unincorporated business of whatever kind and in whatever form paid.   An unincorporated business subject to the tax was defined to include any partnership or other entity. The income of petitioner from the separate joint venture with Mensch clearly came within the definition of gross income under the language of the statute.   This interpretation of the statute is strengthened by the fact that this statute was later amended by chapter 199 of the Laws of 1938, so as to exclude from the gross income of an unincorporated business, its distributive share of the net income of another unincorporated business to the extent that it was part of the net income of the latter and taxable under article 16-A.   This amendment was effective for the tax year 1937.

The determination should be confirmed, without costs.

CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Hill, P. J.: I dissent and vote to annul. Under the decision petitioners have twice paid the tax imposed by section 386-a of the Tax Law, upon $22,234.19 for 1935 and upon $26,654.01 for 1936. A partnership is not a legal entity separate from its individual partners. The individual petitioners joined with B. L. Mensch in the business venture, and unincorporated business tax was levied on the net gain, which amount less the tax was paid to petitioners. A second net gain tax under section 386-a should not be levied because the already taxed gain was paid to the partnership for distribution among the members.

Determination confirmed, without costs.